---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

---

Case No.: 8:22-cv-1337-FWS                                   Date: December 15, 2022
Title: In Re: Shirley Foose McClure

---

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING LANDAU LAW LLP'S MOTION TO WITHDRAW REFERENCE [1]**

Before the court is Landau Law LLP's ("Landau Law") "Motion to Withdraw the Reference as to All Contested Matters in Which Landau Law LLP Is the Moving or Opposing Party or, in the Alternative, To Withdraw the Reference of the Entire Bankruptcy Case" ("Motion" or "Mot."). (Dkt. 1.) The Motion is supported by the Declaration of Rodger M. Landau ("Landau Decl.") and the exhibits thereto. (Dkt. 2.) Debtor Shirley Foose McClure ("Debtor") and Chapter 7 Trustee David K. Gottlieb ("Trustee Gottlieb") oppose the Motion. (Dkt. 17 ("Debtor Opposition"); Dkt. 18 ("Trustee Opposition").) Landau Law filed a Reply to both Debtor's Opposition, (Dkt. 19), and Trustee's Opposition, (Dkt. 20). The court held oral argument on this matter on August 25, 2022. (*See* Dkt. 23.) Based on the record, as applied to the applicable law, the court **DENIES** the Motion.

### I.     Background

The Motion stems from a bankruptcy proceeding pending for approximately ten years. In December 2012, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (*See* Chapter 11 Voluntary Petition, *In re Shirley Foose McClure*, No. 1:13-bk-10386-GM (Bankr. C.D. Cal. Dec. 12, 2012) (Dkt. 1) (hereinafter "Bankr. Dkt.").) Bankruptcy Judge Mund has presided over the case since January 18, 2013. (Bankr. Dkt. 36.) Landau Law is a law firm representing the former Chapter 11 Trustee, John P. Reitman ("Trustee Reitman"), who is also a partner at the firm. (*See* Bankr. Dkts. 1124, 1133.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-1337-FWS                                             Date: December 15, 2022
Title: In Re: Shirley Foose McClure

     Landau Law has filed two related appeals in this bankruptcy proceeding, both stemming from alleged bias on the part of Judge Mund.  On February 3, 2022, Landau Law filed a motion under case number No. 8:22-cv-00177, requesting that the district court withdraw reference in the contested matter between Landau Law and Debtor regarding Landau Law's fee application in the bankruptcy case.  (*See generally* Motion to Withdraw Reference of Adversary Proceeding, *In re Shirley Foose McClure*, No. 8:22-cv-00177 (C.D. Cal. Feb. 2., 2022), Dkt. 1.)  In its appeal, Landau Law discussed a motion made by Rodger Landau, Landau Law's managing partner, requesting that the bankruptcy court produce allegedly *ex parte* emails between Debtor and Judge Mund.  (*Id.* at 5-10.)  Landau Law argued that Judge Mund's statements in response to that motion demonstrated bias against Landau Law and Mr. Landau.  (*Id.* at 9-12.)

     On February 10, 2022, Judge Mund issued an Order to Show Cause regarding "whether the Trustee will be allowed to continue the firm of Landau Law, LLP as his attorney in this case."  (Bankr. Dkt. 1965 at 1.)  In particular, the OSC stated that "the basis of this Order to Show Cause concerns the assertion of Rodger Landau, managing partner of Landau Law, LLP, on behalf of himself and of Landau Law, LLP that I am biased against them.  Beyond that his unwarranted accusations have created a conflict within the case that cannot be allowed to continue."  (*Id.* at 1-2.)  On March 1, 2022, Judge Mund ordered that Trustee Reitman "may no longer employ the firm of Landau Law, LLP as his attorney in this case or its advisory proceedings."  (Bankr. Dkt. 1985.)

     On March 10, 2022, the district court granted Landau Law's motion to withdraw reference, stating "[o]ut of an abundance of caution and to avoid further unnecessary litigation, the Court reluctantly withdraws the reference to the Bankruptcy Court for the limited purpose of ruling only on Landau's Fee Application."  (Order Granting Motion to Withdraw Reference of Fee Application at 12, *In re Shirley Foose McClure*, No. 8:22-cv-00177 (C.D. Cal. Mar. 10, 2022), Dkt. 19.)

     On March 23, 2022, Judge Mund issued a supplemental order to the previous Order to Show Cause, specifying that Trustee Reitman could employ Landau Law as counsel "for purposes of the Landau Law fee application(s)" or "in this bankruptcy case and its related adversary proceedings as to any matter before a different judge."  (Bankr. Dkt. 2001 at 1-2.)

**CIVIL MINUTES – GENERAL**                                                                   **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-1337-FWS                                                    Date: December 15, 2022
Title: In Re: Shirley Foose McClure

On April 7, 2022, Judge Mund issued another Order to Show Cause as to Conversion of This Case from Chapter 11 to Chapter 7. (*See* Bankr. Dkt. 2020.) Landau Law opposed this Order to Show Cause on May 9, 2022. (Bankr. Dkt. 2033.) In the opposition, Landau Law requested that Judge Mund recuse herself based on the prior district court order withdrawing reference and Judge Mund's March 23, 2022, Order stating Mr. Landau could not represent Trustee Reitman in Judge Mund's courtroom. (*Id.*) Judge Mund declined to recuse and issued an order converting the Bankruptcy Case from Chapter 11 to Chapter 7 on May 24, 2022. (Bankr. Dkt. 2043.) As a result of the conversion, Trustee Gottlieb was appointed Chapter 7 Trustee. (Bankr. Dkt. 2045.)

On June 23, 2022, Landau Law objected to Trustee Gottlieb's proposed employment of the law firm Shulman Bastian to review Landau Law's fee application. (Bankr. Dkt. 2074.) Landau Law asked Judge Mund to recuse herself from this matter as well because it "directly affects Landau Law's ability to be paid." (Mot. at 5.)

On July 19, 2022, Landau Law filed the instant appeal, No. 8:22-cv-1337, requesting that the court "withdraw the reference as to all contested matters in which Landau Law LLP is the moving or opposing party or, in the alternative, to withdraw the reference of the entire bankruptcy case." (Mot. at 1.) Debtor and Trustee Gottlieb opposed the Motion. (*See* Dkts. 17, 18.) Landau Law also filed Replies to both Oppositions. (*See* Dkts. 19, 20.)

On August 17, 2022, after the matter was fully briefed, Landau Law filed a "Notice of Tentative Ruling in In re: Shirley Foose McClure Bankruptcy Case," which quoted Judge Mund's tentative ruling on "Landau Law LLP's Objection to the Chapter 7 Trustee's Application to Employ Berkeley Research Group LLC as Accountants." (Dkt. 21 at 1.) On August 25, 2022, Landau Law submitted the transcript from the August 16, 2022, Hearing on the Application to Employ Berkeley Research Group, LLC as Accountants. (Dkt. 22.)

The court held oral argument on August 25, 2022, and then took the Motion under submission. (Dkt. 23.) On August 29, 2022, Debtor filed a document titled "Submission of the Debtor's May 18, 2022 Response to the Bankruptcy Court to the Issue of Unsealing Documents Filed Under Seal Per Judge Mund's Previous Orders and Related Pleadings and Transcript Excerpts," with exhibits and a declaration attached thereto. (*See* Dkt. 24.)

**CIVIL MINUTES – GENERAL**                                                                              3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-1337-FWS                                                Date: December 15, 2022
Title: In Re: Shirley Foose McClure

### II. Legal Standard

Under 28 U.S.C. § 157(d), a "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The district court has discretion to grant or deny a motion for permissive withdrawal of reference. *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Broth. Of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). The moving party bears the burden of showing that reference should be withdrawn. *FTC v. First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001).

A party may move to withdraw reference to seek recusal of a bankruptcy judge based on alleged bias. Fed. R. Bankr. P. 5004 ("A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case."); *see also In re Mem'l Ests. Inc.*, 90 B.R. 886, 892 (N.D. Ill. 1988); *Oliner v. Kontrabecki*, 2006 WL 3646789, at *4 (N.D. Cal. Dec. 12, 2006) (finding debtor's argument for withdrawal of reference based on bankruptcy judge's alleged bias insufficient); *Szanto v. Santo*, 2019 WL 1932366, at *8 (D. Or. May 1, 2019) (same). All judges are entitled to a presumption of integrity and impartiality. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Nonetheless, a party may challenge a judge's impartiality by filing a motion to disqualify under 28 U.S.C. § 455. *See United States v. Silba*, 624 F.2d 864, 866-67 (9th Cir. 1980). Section 455 mandates that a judge recuse "in any proceeding in which his impartiality might reasonably be questioned" or where the judge "has a personal bias or prejudice concerning the proceeding." 28 U.S.C. §§ 455(a), (b)(1). Section 455(b) also enumerates specific circumstances in which a judge must recuse. *Id.* § 455(b)(2)-(5).

In assessing a motion for disqualification under section 455(a), the court must objectively determine "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Ct. for Cent. Dist.*

**CIVIL MINUTES – GENERAL**                                                                      **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-1337-FWS                                                      Date: December 15, 2022
Title: In Re: Shirley Foose McClure

*of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *Herrington v. Cnty. of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1987)). A "'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). "In considering whether this standard is met, the [c]ourt must consider the totality of the circumstances and cannot pick apart the alleged basis for recusal." *In re Marshall*, 403 B.R. 668, 679 (C.D. Cal. 2009) (*quoting United States v. Bremers*, 195 F. 3d 221, 228 n.2 (5th Cir. 1999)). A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens*, 428 F.3d at 1179 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

### III. Discussion

Landau Law argues that that the district court's reasoning in the prior order to withdraw reference should apply to all decisions in which Landau Law possesses a material interest. (Mot. at 5-6.) In addition, Landau Law argues that Judge Mund's subsequent orders offer further evidence of Judge Mund's bias sufficient to withdraw the reference. (*Id.* at 2-3.) As a result, Landau Law requests that the court either "withdraw the reference of all matters in the Bankruptcy Case as to which Landau Law is the moving party or an opposing party," or alternatively, "withdraw the reference of the entire Bankruptcy Case and direct its reassignment to a different bankruptcy judge in the District" (*Id.* at 2.)

Trustee Gottlieb opposes the Motion, arguing that Landau Law's proffered evidence does not demonstrate actual bias and the factors articulated by the Ninth Circuit for evaluating permissive withdrawal of reference weigh against withdrawal. (Trustee Opp. at 3.) Debtor similarly argues that the Motion should be denied because: (1) Landau Law is attempting to forum shop; and (2) it would be inefficient to require a new judge "to get up to speed on this ten plus year old case and the Estate would incur additional costs and fees that it cannot afford." (Debtor Opp. at 4, 8-10.)

#### A. Timeliness

As a threshold matter, the court must consider whether the party moved to withdraw the reference in a timely manner as required by 28 U.S.C. § 157(d). *See Szanto v. Santo*, 2019 WL

**CIVIL MINUTES – GENERAL**                                                                                         5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-1337-FWS                                                   Date: December 15, 2022
Title: In Re: Shirley Foose McClure

1932366, at *3 (D. Ore. May 1, 2019) ("The 'threshold question' in evaluating a motion to withdraw the reference under 28 U.S.C. § 157(d) is whether the motion was made in a timely manner.") (quoting *In re GTS 900 F, LLC*, 2010 WL 4878839, at *2 (C.D. Cal. Nov. 23, 2010)). "A motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms*, 124 F.3d at 1007 n.3 (citing *In re Baldwin-United Corp.*, 57 B.R. 751, 754 (S.D. Ohio 1985)). Accordingly, "a party must move for withdrawal 'at the first reasonable opportunity' it has, 'as evaluated within the specific factual context of the case.'" *In re GTS 900 F*, 2010 WL 4878839, at *2 (quoting *Stratton v. Vita Bella Grp. Homes, Inc.*, 2007 WL 1531860, at *2 (E.D. Cal. May 25, 2007)) (alteration omitted). A court may find a motion to withdraw untimely "when a significant amount of time has passed since the moving party had notice of the grounds for withdrawing the reference or where withdrawal would have an adverse effect on judicial economy." *Hupp v. Educ. Credit Mgmt. Corp.*, 2007 WL 2703151, at *3 (S.D. Cal. Sept. 13, 2007).

      Landau Law does not address the timeliness of the Motion in either its Motion or Replies. (*See generally* Mot.; Debtor Reply; Trustee Reply.) In this case, the court finds the timeliness of the Motion hinges on when Landau Law first learned of the grounds for withdrawing. *See Sec. Farms*, 124 F.3d at 1007 n.3; *In re Eagan Avenatti LLP*, 2021 WL 5868317, at *2 (C.D. Cal. Dec. 10, 2021) ("Accordingly, the threshold determination is when Defendants first 'had notice of the grounds for withdrawing.'") (citation omitted). Thus, the court observes Landau Law's previous motion to withdraw the reference was timely because Landau Law filed the motion on February 2, 2022, immediately after learning of the grounds for withdrawal, namely Judge Mund's orders issued on January 18, 2022, and January 25, 2022. (*See* Motion to Withdraw Reference of Adversary Proceeding, *In re Shirley Foose McClure*, No. 8:22-cv-00177 (C.D. Cal. Feb. 2., 2022), Dkt. 1.)

      By contrast, the court finds Landau Law first learned of the grounds for withdrawal supporting its current Motion—Judge Mund's March 2022 orders—at the latest on March 23, 2022. (*See* Mot. at 7 ("Two weeks after Judge Carney entered his March 10, 2022 Order, Judge Mund took an additional *sua sponte* personal swipe at Mr. Landau for filing the Motion to Withdraw.").) However, Landau Law did not file the Motion until almost four months after learning of the grounds for withdrawal—on July 19, 2022. (*See generally* Mot.) As a result, the court finds Landau Law did not move to withdraw the reference "as promptly as possible."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-1337-FWS                                                                  Date: December 15, 2022
Title: In Re: Shirley Foose McClure

*See, e.g.*, *In re GTS 900, F*, 2010 WL 4878839, at *3 ("Even if the withdrawal of the FDIC Lawsuit to this Court represented changed circumstances, the Motion is still untimely because the reference to the FDIC Lawsuit was withdrawn on May 17, 2010, *four months* before Plaintiff filed the instant Motion.") (emphasis added); *In re Mahlmann*, 149 B.R. 866, 870 (finding five-month delay untimely); *Horowitz v. Sulla*, 2016 WL 5799011, at *3 (D. Haw. Sept. 30, 2016) (finding five-month delay untimely given special factual circumstances and developments in the bankruptcy proceeding).

  Moreover, the court also finds the extent of the underlying bankruptcy proceedings and the possibility of forum shopping weigh in favor of finding the Motion untimely. The court may properly consider "not just . . . the absolute amount of time that has passed, but the extent of the proceedings that have already occurred in the case." *In re Vestavia Hills, Ltd.*, 630 B.R. 816, 851 (S.D. Cal. 2021). As discussed above, this bankruptcy case has been pending for ten years, and Landau Law has served as Trustee Reitman's counsel for the past six years. *See* Bankr. Dkts. 1, 1133. Given the "substantial activity and progress in the bankruptcy proceeding" thus far, *In re Woodside Grp.*, 2010 WL 11596179, at *2 (C.D. Cal. May 21, 2010), the court finds that "withdrawing the reference at this juncture . . . would likely have an adverse [effect] on judicial economy and the administration of justice." *In re Grace Miles*, 2010 WL 3719174, at *2 (N.D. Cal. Sept. 17, 2010).

  In addition, the court finds Landau Law's continued participation in the case and delay in filing this Motion raise "concerns that their request is motivated by forum shopping." *See id.* ("Because Defendants did not move to withdraw the reference until after the resolution of the preliminary injunction matter against them, there are also concerns that their request is motivated by forum shopping."); *In re Eagan Avenatti LLP*, 2021 WL 5868317, at *3 ("Indeed, the only significant events that transpired between Plaintiff's filing of his FAC and Moving Defendant's filing the Motion are the Bankruptcy Court's denials of several of Defendants' motions. This suggests that Moving Defendants may be dissatisfied with the rulings in the Adversary Proceeding and, as a result, may be forum shopping."); *cf. In re N. Blvd. Automall, LLC*, 2022 WL 5184729, at *2 (E.D.N.Y. Oct. 5, 2022) ("Delay for tactical reasons, such as forum shopping, or which prejudices the opposing party or the administration of justice, can be grounds for denying a withdrawal motion as untimely.") (citing *In re FMI Forwarding Co., Inc.*, 2005 WL 147298, at *6 (S.D.N.Y. Jan. 24, 2005)). Accordingly, given Landau Law's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-1337-FWS  Date: December 15, 2022
Title: In Re: Shirley Foose McClure

delay in filing this Motion, the extent of the proceedings, and concerns regarding forum shopping, the court concludes the Motion is untimely.

### B. Alleged Bias

Even if Landau Law's Motion was timely, the court finds Landau Law has failed to demonstrate sufficient cause to withdraw the reference under 28 U.S.C. § 157(d) and § 455(a). As a preliminary matter, the court notes it granted Landau Law's previous motion to withdraw reference "for the limited purpose of ruling only on Landau's Fee Application." (*See* Order Granting Motion to Withdraw Reference of Fee Application at 12, *In re Shirley Foose McClure*, No. 8:22-cv-00177 (C.D. Cal. Mar. 10, 2022), Dkt. 19.) Given that narrow scope, the court's prior order does not dictate the result here. *See Dietz v. Bouldin*, 579 U.S. 40, 46-47 (2016) ("[T]he Court has recognized that a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case.") (citations omitted); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787-88 (9th Cir. 2011) ("[A] district court has the inherent power to revisit its non-final orders, and that power is not lost when the case is assigned mid-stream to a second judge."); *see also* Fed. R. Civ. P. 54(b) (courts can revise partial final judgment order absent certification of finality). In considering the totality of the circumstances again, the court concludes that Landau Law has not demonstrated bias sufficient for the court to withdraw the reference as to every contested matter. *See In re Marshall*, 721 F.3d at 1041–42.

First, the court observes that Landau Law principally relies on Judge Mund's adverse rulings as evidence of bias. (*See, e.g.*, Mot. at 1 ("Since entry of the March 10, 2022 Order . . . Judge Mund has entered multiple orders adverse to Landau Law."); *id.* (citing "Judge Mund's serial decision not to recuse herself from entering adverse rulings against Landau Law, including on her own motions").) In particular, Landau Law argues that Judge Mund retaliated against Landau Law for filing the first motion to withdraw reference by: (1) firing Landau Law as Trustee Reitman's counsel; (2) issuing a supplemental order specifying that Landau Law could represent Trustee Reitman as to the fee application before the district court; and (3) ordering that the case be converted from Chapter 11 to Chapter 7, thereby "firing" Trustee Reitman, Landau Law's former client. (Mot. at 2-5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-1337-FWS                                                           Date: December 15, 2022
Title: In Re: Shirley Foose McClure

---

However, "rulings alone almost never constitute a valid basis for a bias or partiality motion," and instead "are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. "Recusal is only warranted if rulings are based on extrajudicial 'knowledge that the [judge] ought not to possess' or 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1220 (9th Cir. 2014) (quoting *Liteky*, 510 U.S. at 555).

In this case, the court finds Landau Law does not adequately assert that Judge Mund's rulings turned on any "extrajudicial knowledge" or "reveal[ed] such a high degree of favoritism or antagonism as to make fair judgment impossible." *See Liteky*, 510 U.S. at 555. Landau Law argues the rulings exemplify bias because Judge Mund failed to recuse herself despite "Judge Carney's determination that a reasonable person could question Judge Mund's impartiality in matters affecting Landau Law." (Mot. at 1.) The court reiterates that its prior order was limited to Landau Law's fee application and did not necessarily extend to any other matters in the bankruptcy case. Accordingly, the court concludes Judge Mund was not required to recuse herself and "these rulings cannot reasonably be seen as contravening the district court's direction" so as to suggest bias. *In re Marshall*, 721 F.3d at 1042.

The court finds Landau Law's allegation that Judge Mund retaliated against the firm by converting the case to Chapter 7 and firing Trustee Reitman similarly unavailing. The court notes that "the decision to convert [a] case to Chapter 7 is within the bankruptcy court's discretion." *Pioneer Liquidating Corp. v. United States Tr. (In re Consol. Pioneer Mortg. Entities)*, 264 F.3d 803, 806 (9th Cir. 2001). The court also finds that Judge Mund adequately explained the basis of the conversion in accordance with the standard provided by 11 U.S.C. § 1112. (*See* Bankr. Dkt. 2020 (stating the case should be converted because "the Chapter 11 trustee does not believe there is a probability of a confirmable Plan of reorganization and the Court also has no evidence that such a Plan can be proposed and confirmed" and "it appears highly likely that this is and will remain an administratively insolvent case.").) Finally, Judge Mund explicitly stated that "conversion to chapter 7 does not mean that Mr. Reitman can no longer serve as the trustee" and it "will be up to the United States Trustee, who may decide to appoint Mr. Reitman or not, should Mr. Reitman choose to remain in that role." (Bankr. Dkt. 2042 at 3.) Given this record, the court concludes a reasonable person would not question Judge Mund's impartiality based on these rulings.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-1337-FWS                                                                                     Date: December 15, 2022
Title: In Re: Shirley Foose McClure

___

  Second, Landau Law points to several examples of Judge Mund's conduct during the bankruptcy proceedings as evidence as bias. Like adverse rulings, "the judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)." *In re Marshall*, 721 F.3d at 1041 (citing *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008)). Instead, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality. *Id.* at 555-56.

  Here, the court finds Judge Mund's conduct does not meet the high standard set out in *Liteky*. Landau Law takes issues with Judge Mund's statements that Mr. Landau was "having a tantrum or fit of anger" and that she cannot "deal" with Mr. Landau. (Mot. at 2, 7.) However, the court finds these comments constitute "expressions of impatience, dissatisfaction, annoyance, and even anger" insufficient to establish bias or partiality. *Liteky*, 510 U.S. at 555-56; *see also In re Marshall*, 721 F.3d at 1043 (finding judge's statements referring to defendant as "a Defendant with extremely dirty hands" and telling defendant's counsel to bring certain documents to court, "bring [his] toothbrush," bring his "checkbook" to a hearing, and stating he had "substantial experience with the way [defendant's] side has handled cases" were not "serious enough to overcome the high standard set forth in *Liteky*").

  Thus, as was the case in *Liteky*, the alleged examples of bias Landau Law relies upon "consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel . . . ." 510 U.S. at 557. The court finds that all of the examples of alleged bias "occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id.* Accordingly, the court concludes recusal is not required here.

  Finally, the court finds the permissive factors similarly weigh against withdrawal. *See Sec. Farms*, 124 F.3d at 1008 ("In determining whether cause exists, a district court should

**CIVIL MINUTES – GENERAL**                                                                                                          10

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:22-cv-1337-FWS | Date: December 15, 2022 |
| Title: In Re: Shirley Foose McClure | |

consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."). In this case, the court notes that Judge Mund has presided over this case without issue for approximately ten years. Given the extent of these proceedings, the court finds that the efficient use of judicial resources, the potential delay and costs to parties, the uniformity of bankruptcy administration, and the prevention of forum shopping all weigh against withdrawing the reference.

In sum, the court finds the motion is untimely, Landau Law provided insufficient evidence of bias, and the permissive factors weigh against withdrawal. Accordingly, the court **DENIES** the Motion.

### IV.  Disposition

For the reasons set forth above, the court **DENIES** the Motion.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk:  mku